# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## EASTERN DIVISION

| | |
|---|---|
| MAX RANKIN,<br><br>      Plaintiff,<br><br>vs.<br><br>BLACK HAWK COUNTY SHERIFF'S OFFICE, UNKNOWN OFFICER 1, UNKNOWN OFFICER 2, UNKNOWN OFFICER 3,<br><br>      Defendants. | No. C10-2021-LRR<br><br>ORDER |

      This matter is before the court pursuant to a four-page document that the plaintiff submitted. The clerk's office construed such document as an application to proceed in forma pauperis and a complaint pursuant to 42 U.S.C. § 1983, and it filed the instant action on March 17, 2010.

      The plaintiff did not fill out the forms that are typically utilized by individuals who seek in forma pauperis status and file actions under 42 U.S.C. § 1983. Consequently, the documents submitted do not meet the requirements of 28 U.S.C. § 1915 or Federal Rule of Civil Procedure 8. Accordingly, the plaintiff is directed to file an amended application to proceed in forma pauperis by no later than June 25, 2010. The clerk's office is directed to send form AO 240 (Rev. 10/03) to the plaintiff. Additionally, the plaintiff is directed to file an amended complaint that complies with the Federal Rules of Civil Procedure by no later than June 25, 2010. The complaint should stand on its own, that is, include a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that he is entitled to relief and a demand for the relief sought. *See* Fed. R. Civ. P. 8 (addressing general rules of pleading). The clerk's office

is directed to send a 42 U.S.C. § 1983 complaint form to the plaintiff.[1]  If the plaintiff fails to comply with this order, the clerk's office is directed to dismiss the instant action.  *See* Fed. R. Civ. P. 41(b) (permitting dismissal where a plaintiff either fails to prosecute or fails to respond to an order of the court); *Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 779-80 (8th Cir. 1995) (same).

**IT IS SO ORDERED**

**DATED** this 3rd day of June, 2010.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[1] The court notes the following.  By establishing a deadline of June 25, 2010 to file appropriate documents, the instant order never determined whether the plaintiff filed documents in a manner that prevent the applicable statute of limitation from running.  Stated differently, filing appropriate documents by June 25, 2010 may not prevent the case from being dismissed under the applicable statute of limitation.